UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| JOSE GUEVARA, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7: 05-216-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| SUZANNE R. HASTINGS, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jose Guevara is currently incarcerated in the United States Penitentiary-Big Sandy in Inez, Kentucky. He has paid the district court filing fee and filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

<u>CLAIMS AND ALLEGATIONS</u>

The following is a summary or construction of the contents of the petition and its attachments. [Record No. 1] The Petitioner pled guilty to second degree murder while armed in the Superior Court of the District of Columbia on July 10, 1992. The Judgment and Commitment Order of that date indicates that he was sentenced to fifteen years to life, with five of the years being a mandatory minimum.

The Petitioner states that his first hearing before the United States Parole Commission ("the Commission") on November 20, 2001, resulted in a decision to deny him parole and continue service of his sentence to a re-hearing in November of 2004. The reasons for the decision were that:

> Your Total Guideline Range is 158-170 month(s). See the attached sheet[1] for the components that make up your Total Guideline Range. . . .
>
> You have been in confinement as a result of your current offense behavior for a total of 113 months as of November 20, 2001.
>
> After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.
>
> THE ABOVE DECISION IS NOT APPEALABLE.

(*See* Ex. C, dated January 11, 2002.)

After the Petitioner's next consideration, a November 9, 2004 Notice of Action reveals that the Commission again decided to deny parole and continue to a 3-year reconsideration in October 2007. This time, the Commission informed the Petitioner that he had been found eligible for consideration under its presumptive release date policy as set out in 28 C.F.R. 2.75. The Commission also explained that:

> Your Current Total Guideline Range is 175-187 month(s). See the attached sheet for components that make up your Total Guideline Range[2]. . . .
>
> You have been in confinement as a result of your current offense behavior for a total of 166 months as of October 29, 2004.

---

1  The Petitioner provides the attached computation of the range as Exhibit B.

2  The Petitioner also provides this computation as Exhibit D.

-2-

> After consideration of all factors and information presented, a decision above the Current Total Guideline Range is warranted because your offense involved the following aggravating circumstances: You participated in the drive-by shooting of another vehicle that resulted in the death of one of the occupants and the wounding of the other occupant. The vehicle in which you were riding followed the victims' vehicle and shots were fired at the victim vehicle at three different locations. This shooting was gang related retaliation and put numerous bystanders at risk. To consider you for parole at this hearing would depreciate the seriousness of this offense and promote disrespect for the law.
>
> THE ABOVE DECISION IS NOT APPEALABLE.

(*See* Ex. E, dated November 9, 2004.)

The Petitioner's claims that the Commission incorrectly fixed his parole eligibility date at 139 months rather than 122 months, then adjusted his guideline range upward to 175-187 months. He asserts that the greater computation is a result of the Commission's "misinterpretation of the BOP's [Bureau of Prisons] new sentence computation." The Petitioner asserts that such an error may be remedied by a court decision, citing *Chatman-Bey v. Meese*, 797 F.2d 987, 994-95 (C.A.D.C. 1986).

Next, the Petitioner contends that the Commission's second decision to deny parole was arbitrary and capricious, as is shown in the change in the guidelines and in the reasons section of the 2002 and 2004 decisions. At his first parole hearing, his record showed a 1990 murder charge, but the Commission did not believe that it required an upward departure from the 158-170 months guidelines. Its concern was only on the short time the Petitioner had served. Yet, when making the second decision, the Commission "resurrect[ed]" the murder it had previously ignored. As to this claim, the Petitioner relies on *Montoya v. United States*, 908 F.2d 635 (10th Cir. 1990), in which the Commission's second and conflicting decision was deemed to be

arbitrary and capricious. The Petitioner asks that this Court reverse the Commission's decision as its decision about Petitioner Montoya's was directed.

## DISCUSSION

As an initial matter, the Court notes that the Petitioner alleges that he exhausted his administrative remedies as is required in this circuit. *See Hopkins v. Little*, 638 F.2d 953, 953-54 (6th Cir. 1981). He attaches two documents in support of this claim, one being a response to his informal request challenging the prison's computation of his parole eligibility date as being August 8, 2002. The staff's response, which denied any change, is dated May 22, 2005, barely a month prior to his filing the instant petition. (Ex. G)

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the Administrative Remedy Program, 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) requires that an inmate first informally present his complaint to the staff (thereby providing them with an opportunity to correct the problem) before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may go to the second level by filing a formal written request (a BP-9 form) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director. Further, if he is not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15 (a) - (b).

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30

days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.* "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

As is apparent from the regulatory timetable, in the case at hand, the Petitioner has not had time to exhaust the administrative remedies regarding the BOP's calculation of his parole eligibility date. Therefore, the matter of his challenge to the August 8, 2002 date is not exhausted and, therefore, is not properly before this Court. Accordingly, this issue will be dismissed, without prejudice. The Petitioner's reliance on merits of his claim consistent with *Chatman-Bey*, 797 F.2d at 994-95, must await his total exhaustion administratively. *Chatman-Bey v. Thornburgh* (*Chatman-Bey II*), 864 F.2d 804, 805-06 (C.A.D.C. 1998) (reversing the previous opinion on a habeas procedural matter but still finding for the Petitioner on the merits of the computation issue).

Regarding his second claim, (*i.e.*, his challenge to the Commission's[3] decision of 2004), the Petitioner also claims exhaustion and attaches a document purporting to demonstrate such. While exhaustion of the Commission's administrative appeal system is less than clear,[4] the Court

---

[3]   The Commission assumed responsibility of parole matters involving D.C. offenders in August of 1998.

[4]   The referenced exhibit, Ex. F, is merely an April 22, 2005 letter from a hearing officer of the Commission in response to the Petitioner's having written two letters about the 2004 decision. The officer explains the change occurring between the two decisions' guidelines ranges as follows:

> [T]he change is the result of a new sentence computation by the Bureau of Prisons. After they gave you credit for all time spent in custody, the amount of time required by your

will assume that the Petitioner has properly exhausted, as he has supplied the Commission decisions, both of which expressly indicate, "THE ABOVE DECISION IS NOT APPEALABLE." *See Garris v. Stiff*, 2003 WL 23204855 (W.D. Wis. 2003) (not reported) (same assumption).

Moreover, development of the record is not necessary, as the Petitioner has failed to state a claim upon which this Court may grant relief. The Sixth Circuit has summarized the role of the district court when presented with petitions complaining of decisions of the Parole Commission as follows:

> Our review of Parole Commission decisions is extremely limited. This court has held that "the Parole Commission's substantive decision to grant or deny parole is an action 'committed to agency discretion' under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)." *Farkas v. United States*, 744 F.2d 37, 39 (6th Cir. 1984). "'[T]he inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.'" *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 130 (6th Cir. 1987) (quoting *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982)).

*Persico v. Gluch*, 948 F.2d 1289, 1991 WL 246972 (6th Cir. 1991) (unpublished opinion). Although the Petitioner in this case complains that the second Commission's decision was based on a 1990 murder conviction, which the earlier decision had "ignored," he does not deny that the murder did occur.

---

minimum term increased. It is approximately 139 months from the beginning of your sentence (12/30/90) to your minimum term date (8/7/02). There simply is nothing the Commission can do about that.

Ex. F. Two BOP print-outs, one showing the Petitioner's sentence computation as of July 24, 2002 and the other as of April 30, 2005, both show identical computations of his sentence, beginning service on July 10, 1992; awarding jail credits of 558 days; and reciting a parole eligibility date of August 7, 2002.

Here, there was a rational basis for the Commission's 2004 decision to deny the instant Petitioner parole and continue service of his sentence for 3 years more. The Commission spelled out that basis, explaining that certain "aggravating circumstances" warranted going outside the guidelines, including the fact that in the murder, a drive-by shooting, there were multiple firings of the weapon in three locations and he thereby "put numerous bystanders at risk. To consider you for parole at this hearing would depreciate the seriousness of this offense and promote disrespect for the law." With such a rational basis, this Court may not disturb the Commission's decision.

In fact, this Court's decision is consistent with the decisions of other District Courts which have denied §2241 relief on virtually identical facts. One involved a gang-related drive-by shooting involving "multiple (25) shots randomly at innocent bystanders on the street." *Garris v. Stiff*, 2003 WL 2320;4855 (W.D. Wis. 2003) (not reported) (upholding the Commission's conclusion that the Petitioner was a menace to public safety). *See also, McKinnon v. Conner*, 120 Fed.Appx. 280, 2005 WL (139174 (10th Cir. 2005).

The holding in *Montoya* does not provide the blanket remedy which the Petitioner seeksh. When the Commission went outside the guidelines, it was based on Montoya's "history of assaultive/aggressive behavior, specifically: 1958-robbery; and 1967-murder." However, the facts in the record were undisputed that Montoya was not present at the murders, but was convicted of felony murder for his earlier role with the murderers. The district court, therefore, found that the Commission's decision based upon murderous conduct, had no rational basis.

*Montoya*, 908 F.2d at 639.  The present case, however, has a basis in a murder, which is more recent than Montoya's and is not denied by Guevara.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) To the extent that the Petitioner challenges the Bureau of Prisons computation of his parole eligibility date, this matter is **DISMISSED** without prejudice;

(2) the Petitioner's claim that the United States Parole Commission's 2004 decision is arbitrary or capricious is **DISMISSED** with prejudice; and

(3) the petition for writ of habeas corpus is **DENIED**.  Judgment shall be entered in favor of the Respondent.

This 15th day of September, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge